FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2011 APR 22 P 3: 28

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AMERICAN MANAGEMENT SERVICES,<br>LLC d/b/a PINNACLE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. ___1:11CV442___<br>)          (TSE/TCB)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF

1.      This action is brought under the Freedom of Information Act, 5 U.S.C. §552, ("FOIA"),

as amended, to require release by the Department of the Army ("Army") of records requested

nearly six (6) months ago under FOIA, as to which the Army has not timely asserted any FOIA

exemption, or otherwise sought an extension of time in which to provide required response.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue

lies in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B) because, among other

reasons, part or all of those records that are the subject of this request are located in this district.

## THE PARTIES

3.      Plaintiff American Management Services LLC, d/b/a Pinnacle, is a Washington limited

liability company with its principal place of business in Seattle, Washington.

4.      Defendant Department of the Army is a federal government agency within 5 U.S.C.

§552(f) and the FOIA.  It may be served with process by serving the United States with a copy of

the summons and complaint by certified mail to Neil H. MacBride, United States Attorney for the Eastern District of Virginia, 2100 Jamieson Ave, Alexandria, VA 22314, by sending a copy of the summons and complaint by certified mail to Eric H. Holder, Jr., the Attorney General of the United States at the United States Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530, with a copy of the summons and complaint sent to the Secretary of the Army at the Office of the Army General Counsel, 104 Army Pentagon, Washington, DC 20310.

## STATUTORY FRAMEWORK

5.     FOIA requires federal agencies to release requested records to the public unless a specified and properly applicable statutory exemption is timely asserted. The Army is an agency within the meaning of 5 U.S.C. § 551.

6.     Agencies must respond to a FOIA request within twenty (20) working days, at a minimum notifying the requestor of its determination as to whether to provide the records sought and the reasons therefore, and of the requester's right to appeal any negative determination by the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

7.     An agency may delay its response, but only "[i]n unusual circumstances" and provided written notification to the requester sets forth those unusual circumstances along with a date certain on which the agency's decision will be provided. 5 U.S.C. § 552(a)(6)(B)(i). Put another way, the agency by statute is not permitted to delay indefinitely.

## STATEMENT OF FACTS

8.     Plaintiff, through a letter from its counsel dated October 29, 2010, requested, pursuant to the FOIA, copies of four narrow and specific categories of records related to ongoing litigation between Clark Realty Capital (and its affiliates) and Plaintiff, American Management Services,

LLC, d/b/a Pinnacle. That letter, attached hereto as Ex. 1, also was hand-delivered to Defendant on or about November 1, 2010. As set forth below, Defendant from the outset clearly understood precisely which records were being sought, knew precisely where such records were maintained, and, indeed, from nearly the outset, began reviewing said records for purposes of responding to the FOIA request.

9.     By e-mail to Plaintiff dated November 18, 2010, Defendant professed to have "mistakenly forwarded" Plaintiff's FOIA request to the incorrect office, and informed Plaintiff that the FOIA request now had been forwarded to the correct office.

10.    As of November 19, 2010, Plaintiff had received no response to its FOIA request.  Also as of November 19, 2010, more than twenty working days had passed after receipt by Defendant of Plaintiff's FOIA request.

11.    While Plaintiff has endeavored on many occasions and in many conversations to work with Defendant representatives in processing this FOIA request, Defendant has never sought a time extension for making responsive records available.

12.    By letter and e-mail to Defendant dated January 14, 2011, specifically to the Department of the Army, Chief Attorney and Legal Services Directorate, Plaintiff, through counsel, formally appealed the Defendant's failure to respond to and constructive denial of Plantiff's FOIA request. *See* the email and signed letter attached hereto as Ex. 2.

13.    In an e-mail dated January 18, 2011, one Government official conveyed that he was "not in receipt" of Plaintiff's FOIA request, and asked that it be re-resubmitted.  A copy of this e-mail is attached as Ex. 3.

3

14.     In a second e-mail dated January 18, 2011, Defendant informed Plaintiff that the "Chief Attorney and Legal Services Directorate (CALS) is still processing your Freedom of Information Act (FOIA) Request," and further, that "documents responsive to your request have been located" and were being reviewed for a potential release determination. This email further instructed, incorrectly, that if Plaintiff wished to proceed with the appeal, reasons for the appeal were required. *See* Ex. 4 hereto. As is crystal clear from both the email and the written text of Ex. 2 hereto, the grounds of the appeal, which remain valid to this date, could not have been more clearly stated.

15.     By e-mail to Defendant dated January 27, 2011, Plaintiff requested Defendant to provide some timeline for processing Plaintiff's request. *See* Ex. 5 hereto.   To this date, nothing responsive to this request, made on repeated occasion, has been forthcoming.

16.     By letter dated February 23, 2011, Defendant transmitted to Plaintiff a handful of documents, none being responsive to what was then a four (4)-month old FOIA request.  This letter was cast as the Defendant's "interim response" to Plaintiff's FOIA request. Defendant informed Plaintiff that its FOIA request had been renumbered (instead of FOIA 11-0188) as FOIA number FA-11-0103. Primarily the attached documents were items of correspondence between Defendant and American Management Services, LLC, d/b/a Pinnacle. *See* Ex. 6 hereto (the written response, excluding the correspondence produced).   This Exhibit 6, cast by Defendant as "a partial release" to the FOIA request, provides no clue as to which request it professed to respond to, or whether or when any further releases were contemplated.  Upon information and belief, Defendant officials have been fully aware at all times since first reading the FOIA request at issue, precisely what records were responsive, and exactly where those records were located.

17.     Plaintiff in a March 1, 2011 email to Defendant acknowledged receipt of Defendant's interim response and noted that, of the records attached to the interim request, "no records produced appear to be responsive" to Plaintiff's request.   This letter in very clear and unequivocal terms explained why the handful of correspondence produced was wholly nonresponsive. *See* Ex. 7 hereto.

18.     Ultimately, Defendant has failed to produce any records that were responsive to Plaintiff's two reiterated FOIA requests, or otherwise to provide any conceivable legal grounds for demonstrating, or even simply asserting that responsive records are exempt from production. Further, Defendant, as of this filing, has provided no clue as to any date or projected date upon which any responsive records will be produced.

19.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) and failed to extend that time limit pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies as to its FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i).   Plaintiff, having undertaken every measure to facilitate response administratively, has been left with no choice but to bring this action.

## CLAIM

### Count I

### Violation of the Freedom of Information Act (5 U.S.C. § 552)

20.     Plaintiff reasserts and incorporates herein the allegations set forth in paragraphs 1 through 19.

21.     Defendant has violated FOIA by failing to produce any, much less all, non-exempt records responsive to Plaintiff's FOIA request within the 20-day period required by 5 U.S.C. §

552(a)(6)(A)(i) by failing to demonstrate that any withheld records responsive to the request are exempt from production, or by even identifying exemptions, if any, which Defendant contend are applicable to the FOIA records requested.

22.    While Defendant has confirmed in writing that the requested records have long been retrieved and reviewed,  Defendant has violated FOIA by providing Plaintiff no notice as to any circumstances, unusual or otherwise, and no date even, on which its decision is expected to be dispatched. *See* 5 U.S.C. § 552(a)(6)(B)(i).  Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA and disregard for the simple and clearly stated requirement of this law, and Plaintiff will continue to be irreparably harmed unless defendant is compelled to conform their conduct to the law.

**REQUESTED RELIEF**

WHEREFORE, and consistent with Rule 1 of the Federal Rules of Civil Procedure and mandatory provisions of the Freedom of Information Act, Plaintiff respectfully requests that the Court:

(a)    declare Defendant's failure to comply with FOIA to be unlawful;

(b)    order Defendant to produce all records known to be responsive to Plaintiff's two FOIA requests;

(c)    while Defendant having not done so at any time over the past six (6) months, should not now be permitted to interpose additional delay by now asserting allegedly applicable exemptions, as an interim measure, Defendant should be required, effective immediately, to provide a *Vaughn* index of all responsive records, including those records, if any, alleged to be covered by an exemption;

(d)     provide for expeditious proceedings in this action;

(e)     enjoin defendant from continuing to withhold records responsive to the requests;

(f)     award Plaintiff attorney's fees and litigation costs reasonably incurred in this action as authorized by 5 U.S.C. § 552(a);

(g)     retain jurisdiction over this matter to resolve any disputes over the propriety of exemptions, if any that may be claimed; and;

(h)     grant Plaintiff such other relief as the Court deems appropriate.


Respectfully submitted,

GREENBERG TRAURIG, LLP


David S. Panzer (Va. Bar No. 43085)
Greenberg Traurig LLP
2101 L Street NW, Suite 1000
Washington, DC  20037
Tel. (202) 533-2324
Fax. (202) 261-0117

Joe R. Reeder (*Pro hac vice* - motion pending)
Greenberg Traurig LLP
2101 L Street NW, Suite 1000
Washington, DC  20037
Tel: (202) 331-3191
Fax: (202) 261-2648

Attorneys for Plaintiff American Management
Services LLC, d/b/a Pinnacle

## FOIA Exhibits

Exhibit 1:      Original October 29, 2010 FOIA Request

Exhibit 2:      January 14, 2011 email and letter appealing Defendant's failure to respond

Exhibit 3:      January 18, 2011 email to Plaintiff stating "not in receipt" of FOIA Request

Exhibit 4:      January 18, 2011 email to Plaintiff stating CALS is still processing request

Exhibit 5:      January 27, 2011 email request by Plaintiff for timeline

Exhibit 6:      Interim response by Defendant

Exhibit 7:      Plaintiff's March 1, 2011 acknowledgement of receipt of interim response