EXHIBIT 1



Joe R. Reeder
Fax: (202) 331-3101
Phone: (202) 331-3125
ReederJ@gtlaw.com

October 29, 2010

**VIA EMAIL & HAND DELIVERY**

The Honorable Katherine Hammack
Office of the Assistant Secretary of the Army (Installations & Environment)
110 Army Pentagon Room 3E464
Washington, D.C. 20310-0110
katherine.g.hammack@conus.army.mil

      Re:    Freedom of Information Act Request

Dear Secretary Hammack:

      This constitutes a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and applicable Agency regulations, concerning records related to ongoing litigation between Clark Realty Capital (and its affiliates) and American Management Services, LLC, d/b/a Pinnacle.

      Over the past several months it has come to our attention that, on a number of occasions, materials have been submitted to your office by representatives of Clark Realty Capital, and/or its affiliates *ex parte* (i.e., to your office, and to no other parties of interest). As we have informally conveyed, at least as to any information the Army would consider relevant or worthy of review, we would hope that the Army agrees that whatever it might receive of a factual nature and or involving other parties at interest should be transparent rather than remain *ex parte*. For that reason we trust that timely, expedited disclosure would normally be the Army's standard operating procedure, particularly given the fact that Clark Realty Capital reportedly has submitted materials purporting to be factual in nature which are related directly to litigation Clark Realty Capital initiated in Georgia state court. We have reason to believe that the Army has been given information that has not been shared with the court or parties in that proceeding.

      In view of the Clark-initiated litigation, we trust the Government would wish to avoid, even unwittingly, acting upon, or failing to act upon factual material that has been withheld from the healthy crucible of candid disclosure to the court or parties having a direct

Assistant Secretary Hammack
October 29, 2010
Page 2

---

interest who could do so. Whether or not we are correct in that regard, in an abundance of caution, we are hereby formalizing our request under the FOIA for the following records in the event this formal FOIA request will help expedite the process. Because of its factual nature, we have sought this information informally, are pursuing all available avenues as needed, and apologize for the inconvenience that accompanies a request of this nature. While relevance isn't pertinent to FOIA, we in fact believe that all interests, particularly the public's interests, will be well served by the transparency that underscores this request. For purposes of this FOIA request, we ask that your office broadly define the term "records," to include all writings of any nature, e.g., correspondence, email, telegram, facsimile, memoranda, minutes, notes, reports or workpapers.

While we are confident the files of your office are quite well organized insofar as the topics of this request, thereby rendering the documents requested readily retrievable, we agree to pay all reasonable costs of search and reproduction consistent with applicable law.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (as amended by Public Law No. 104-231, 110 Stat. 2422), we respectfully request a copy of the following records:

1) All records of any nature referring directly to pending litigation or matters known to be directly related to such litigation in (a) the Superior Court of Muscogee County, State of Georgia, *Fort Benning Family Communities LLC et al. v. American Management Services East LLC et al.*, Case No. SU10CV2025-F, or (b) the Circuit Court of Fairfax County, Commonwealth of Virginia, *American Management Services LLC et al. v. Clark Realty Capital L.L.C. et al.*, Case No. 2010 12127. This category includes any material of a factual nature that would predate either litigation, and relates to the performance of Pinnacle, or any Pinnacle employee or representative.

2) All records submitted or requested by Clark Realty Capital, and/or its affiliates or representatives, including but not limited to:

   a. Notebooks or other organized files submitted to the Office of the Assistant Secretary of the Army (Installations & Environment) on or about October 22, 2010, or on any earlier occasion;

   b. A memorandum submitted on or about October 14, 2010 describing the above mentioned litigation, and any earlier submitted memoranda; and

   c. Emails of any nature making specific reference to Pinnacle, or any Pinnacle employee or representative.

Assistant Secretary Hammack
October 29, 2010
Page 3

3) Government official-generated writings of any other nature, summarizing and/or making reference to submission or representation by any Clark Realty Capital official or representative that also refers specifically to Pinnacle, or to any Pinnacle employee.

4) Government official-generated writings of any nature that was both (a) sent or directed to and representative of Clark Realty Capital, and (b) specifically references Pinnacle, or any Pinnacle employee or representative, including but not limited to all references to pending litigation and/or contract performance.

We ask that records responsive to this request include all attachments, enclosures and exhibits. As to any record deemed to contain information that falls within statutory exemptions to mandatory disclosure, we ask that such material or information be reviewed for possible discretionary disclosure. Similarly, as to any requested record deemed to include content that falls within one or more statutory exemptions to mandatory disclosure, we ask as required by 5 U.S.C. § 552(b), that all reasonably segregable factual portions of such records be produced. In addition, if it is determined that any record or portion thereof will not be provided, we seek prompt notice of any decision to withhold that information. We ask that such notice clearly identify any content withheld and provide a complete explanation of any legal and factual bases for nondisclosure.

Again, given the importance not only of the perception but also the reality of objectivity, we ask that informal production of these readily available records be made without the delay inherent in the routine processing of many thousands of FOIA requests that the Army processes daily. If you have any questions, please call Major General (ret.) John D. Altenburg at (202) 331-3136 or me (Joe Reeder) at (202) 331-3125.

Again, and in the interests of justice, we note that Clark Realty Capital has put issues in litigation that render this FOIA request necessary. Nothing herein has not been already requested of, and withheld by Clark Realty Capital and its representatives. Again we apologize for the inconvenience this request imposes upon your office and the Army, and any inconvenience caused by other efforts to ensure candor and transparency in this endeavor. I am sure you understand the difficulties in meaningfully and accurately addressing allegations or facts not openly disclosed. Pinnacle has thoroughly audited its actions and contract performance, and has no problems dealing candidly with any information that is openly disclosed. Pinnacle also is quite proud of its service to our military, literally nationwide, and enjoys a track record that can be quickly confirmed by garrison commanders and troopers and their family members nationwide. Candor in processing this request also will assist Pinnacle in even further improving its performance in the remaining 44-years of its contract performance. Pinnacle is more than willing to answer to any openly disclosed concerns or facts. Per guidance from your office, we address this request to you, with a copy also to the Honorable Joseph F. Calcara, who is familiar with the issues giving rise to this request.

Assistant Secretary Hammack
October 29, 2010
Page 4

Madame Secretary, we will work with your office in any way necessary to minimize any inconvenience caused by the processing of this FOIA request. Again, we hope your staff will not hesitate to contact either of us as needed to facilitate the processing of this request. We also will make every effort to tailor this request if and as rendered unnecessary by informal cooperation by representatives of Clark Realty Capital or others.

Respectfully submitted,

Joe R. Reeder
John D. Altenburg

cc by email:   Hon. Joseph F. Calcara
               joseph.f.calara@conus.army.mil