IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AMERICAN MANAGEMENT SERVICES, LLC d/b/a PINNACLE, Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 1:11cv442 |
| DEPARTMENT OF THE ARMY, Defendant. | ) ) ) | |

ORDER

The matter came before the Court on defendant's motion for summary judgment (Doc. 13) and plaintiff's motion for summary judgment (Doc. 21). By Order dated January 23, 2012, defendant's motion for summary judgment was granted in part and deferred in part, and plaintiff's motion for summary judgment was denied in part and deferred in part. *See American Management Services, LLC d/b/a Pinnacle v. Department of the Army*, No. 1:11cv442 (E.D. Va. Jan. 23, 2012) (Order). The motions were deferred with respect to those documents withheld solely pursuant to the deliberative process privilege, for which *in camera* review was deemed appropriate. On January 26, 2012, the Army submitted copies of the documents withheld solely pursuant to the deliberative process privilege. Specifically, the Army provided both (i) the unredacted documents under seal, and (ii) a copy of the redacted versions of the documents as they were provided to Pinnacle.

Under Exemption 5, 5 U.S.C. § 552(b)(5), the Army may withhold or redact inter-agency documents pursuant to the deliberative process privilege where the information in question is both (i) deliberative, *i.e.*, "reflect[ing] the give-and-take of the consultative process by revealing the manner in which the agency evaluates possible alternative policies or outcomes," and (ii)

predecisional, *i.e.*, "prepared in order to assist an agency decisionmaker in arriving at his decision." *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 372-373 (4th Cir. 2009). Properly withheld documents may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* The Army must show that, in the context they were used, the information is both predecisional and deliberative, but need not "identify a specific decision in connection with which a memorandum is prepared," since agencies engage in "a continuing process of examining their policies [that] generate[s] memoranda containing recommendations which do not ripen into agency decisions." *See City of Virginia Beach, Va. v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993) (*quoting NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151-52 n. 18-19 (1975)).[1]

The *in camera* review reveals that the information withheld by the Army is properly considered exempt from disclosure pursuant to Exemption 5 and the deliberative process privilege. The documents in question are all emails among Army personnel and contain deliberative and predecisional information, such as opinions of Army personnel regarding Clark's allegations of fraud against Pinnacle, recommendations and proposals regarding the transfer of property management responsibilities away from Pinnacle at Fort Benning, discussions regarding the content of an Army Information Paper about Clark-Pinnacle projects, and reactions of Army personnel to a news article that addresses Pinnacle's termination.[2] These

---

[1] The documents in question also include redactions pursuant to Exemption 6, 5 U.S.C. § 552(b)(6), which have already been determined to be appropriate. *See American Management Services, LLC d/b/a Pinnacle v. Department of the Army*, No. 1:11cv442 (E.D. Va. Jan. 23, 2012) (Memorandum Opinion).

communications are (i) deliberative, because they reveal Army personnel's evaluations of proposed policies rather than final determinations, and (ii) predecisional, because they relate to policy decisions that Army personnel were contemplating, such as when and how to transfer property management responsibilities away from Pinnacle, how to manage public reaction to Pinnacle's termination, and whether to continue to fund the litigation against Pinnacle in Georgia state court.[3]

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant's motion for summary judgment (Doc. 13) is **GRANTED**.

It is further **ORDERED** that plaintiff's motion for summary judgment (Doc. 21) is **DENIED**.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment in favor of defendant pursuant to Rule 58, Fed.R.Civ.P., and to place this matter among the ended causes

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
January 30, 2012

/s/
T. S. Ellis, III
United States District Judge

---

[2] The email at Bates No. 319-320 was released already, as it is included in documents that bear Bates No. 320-324, which were sent to Pinnacle on September 12, 2011. *See* Army Ex. 10.

[3] The *in camera* inspection also revealed that the Army has released all reasonably segregable portions of these documents.